IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERTO GARCIA,

      Plaintiff,                    No. CIV S-10-2047 CKD P

    vs.

G. GUIRIBINO, et al.,

      Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302, pursuant to 28 U.S.C. § 636(b)(1), and plaintiff has consented to all proceedings in this matter being held before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court has conducted the required screening.

There are two main problems with plaintiff's complaint. First, it is too long: 76 pages not including exhibits. This violates the requirement in Rule 8 of the Federal Rules of Civil Procedure that pleadings, generally speaking, be "short and plain." Second, at least three claims asserted by plaintiff are not actionable. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1),(2).

In light of the forgoing, plaintiff's complaint will be dismissed. Plaintiff will be granted leave to file an amended complaint. If plaintiff chooses to amend, he must adhere to the following requirements:

    1. The amended complaint shall not exceed 30 pages.

    2. Plaintiff need not include sections I, II, III, IV or V from his original complaint.

    3. Plaintiff need only provide enough information about each defendant as is necessary to understand plaintiff's claims, and plaintiff should not be repetitive with respect to information about defendants. Generally speaking, plaintiff should omit section VI in his original complaint.

    4. Plaintiff shall not include any allegations regarding "John Doe" defendants or any references to "John Doe" defendants.

    5. Plaintiff, in general, must avoid being repetitive.

    6. Plaintiff should not have a separate section for facts. Any fact supporting any legal claim should be asserted one time under a heading for the claim.

7. In his amended complaint, plaintiff may include his Eighth Amendment, Fourth Amendment and Due Process Clause of the Fourteenth Amendment claims concerning his being subjected to "contraband watch" in general, and the particular conditions to which he was subjected during "contraband watch." Plaintiff may also include his allegations regarding conditions of confinement to which he was subjected immediately after "contraband watch" identified in paragraph 265 of his complaint.

8. Plaintiff may not include "Count III" (equal protection), "Count V" (First Amendment access to courts) or "Count VI" (Seventh Amendment right to jury trial) in his amended complaint as those claims are not claims upon which this court can grant relief. See Fed R. Civ. P. 12(b).

9. If plaintiff chooses to amend his complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10. Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal.

Dated: March 14, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
garc2047.14