UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO GARCIA, | No. 2:10-cv-2047 KJM CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| G. GUIRIBINO, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The remaining defendants are either current or former employees at High Desert State Prison (High Desert). Plaintiff's remaining claims concern conditions of confinement at High Desert between May 6 and 10, 2009. The claims are all related to plaintiff being subjected to "contraband watch"[1] during that time period. Defendants have filed a motion to dismiss for failure to exhaust administrative remedies. An evidentiary hearing was held on January 27, 2014 concerning the motion to dismiss.

A motion to dismiss for failure to exhaust administrative remedies arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

/////

---

[1] "Contraband watch" is essentially the monitoring of an inmate's bowel movements for contraband such as drugs, weapons, or material which could be used to make weapons.

1    In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look
2    beyond the pleadings and decide disputed issues of fact. Id. at 1120.

3    　　　　The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect
4    to prison conditions under section 1983 of this title, . . . until such administrative remedies as are
5    available are exhausted." 42 U.S.C. § 1997e(a). California prison regulations provide
6    administrative procedures to address conditions of confinement claims. See Cal. Code Regs. tit.
7    15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has
8    received a "Director's Level Decision" with respect to his issues or claims. Cal. Code Regs. tit.
9    15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff
10   demonstrates a step is unavailable to him. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir.
11   2002). If exhaustion has not occurred, it becomes plaintiff's burden to demonstrate effective
12   unavailability of the grievance process in order to avoid dismissal for failure to exhaust. See e.g.
13   Rupe v. Beard, No. 2:08-cv-2454 EFS P, 2013 WL 2458398, at *18 (E.D. Cal. June 6, 2013).

14   　　　　It is not disputed that plaintiff did not receive a "Director's Level Decision" with respect
15   to any claim still before the court. Therefore, the grievance process was never completed and it is
16   plaintiff's burden to show effective unavailability of the process to proceed.

17   　　　　At the January 27, 2014 evidentiary hearing, plaintiff testified that on May 17,
18   2009, he placed his completed grievance in an envelope addressed to the "appeals coordinator"
19   outside his cell door for pick up by a staff member. RT 7-8, 28. High Desert Associate Warden
20   Harold Wagner testified this was an acceptable method of submitting a grievance at High Desert.
21   RT 48-49. From there, it is not clear what happened to plaintiff's grievance as there is no record
22   that it was ever retrieved by a particular correctional officer from plaintiff's cell, or received by
23   any High Desert staff member. Plaintiff did not retain a photo copy of the grievance he submitted
24   on May 17, 2009 because, at that time, inmates were not allowed to photocopy their grievances
25   before they were submitted. RT 19-20, 58.

26   　　　　Plaintiff testified that on June 5, 2009, he sent the "appeals coordinator" a "request form"
27   asking about the status of his grievance. RT 9. He sent the "request form" the same way he sent
28   his grievance; by putting it in an envelope addressed to the "appeals coordinator" and placing it

1  outside his cell. RT 31. Plaintiff never received a response. RT 16. There is no copy of the
2  "request form" in the record.
3        Plaintiff testified that on June 16, he re-wrote his grievance and submitted it again. RT
4  16-17, 22-23. There was no response.
5        Evidence before the court reveals that on June 18, plaintiff re-wrote his grievance again,
6  and sent it straight to the "Director's Level." RT 24. Plaintiff has provided a copy of this
7  document. ECF No. 44 at 9. In the grievance, plaintiff also complains about the fact that his May
8  17, 2009 grievance was never answered. The grievance was received by the "Director's Level"
9  on June 23, 2009. ECF No. 44 at 12. On July 17, 2009, the grievance was returned to plaintiff
10 because he had not complied with appeal procedures by not obtaining a decision at the second
11 level of the grievance process before proceeding to the "Director's Level." Id. While plaintiff
12 did not indicate how exactly he sent his grievance to the "Director's Level" the court assumes it
13 involved the U.S. mail since the "Director's Level" is located in Sacramento. ECF No. 44 at 12.
14       After he received the rejection from the "Director's Level," plaintiff asserts he sent a third
15 copy of his grievance, along with the rejection letter from the "Director's Level" to the "appeals
16 coordinator" and the Warden at High Desert. RT 25. The letter to the Warden was sent July 28,
17 2009 (ECF No. 44 at 13) and the letter to the appeals coordinator was sent August 6, 2009 (ECF
18 No. 44 at 17-19). It does not appear that plaintiff received a response to either.
19       High Desert Associate Warden Harold Wagner testified at the evidentiary hearing that
20 when a grievance is submitted by a prisoner in the manner in which plaintiff did, correctional
21 staff would collect the grievance from a prisoner's cell and place it in a locked box located in an
22 area where prisoners had access. Wagner indicated that plaintiff had the option of placing the
23 grievance in the box himself. RT 48-49. Wagner also indicated he reviewed relevant grievance
24 records and found no record of any grievances from plaintiff received by the High Desert appeals
25 coordinator, nor any correspondence from plaintiff during the relevant period of time. RT 53.
26       In order to find that the grievance process was available to plaintiff, the court would have
27 to find that plaintiff was not telling the truth when he indicated that he submitted his grievance by
28 placing it outside his door on May 17. In light of everything before the court, the court is not

3

prepared to make that finding. While it is strange that there is no record of the three grievances plaintiff claims he sent to the "appeals coordinator" or the "request form" he claims he sent, there is not a sufficient basis in the record to attribute this to plaintiff not telling the truth as opposed to a problem with the delivery of these documents. It is not disputed that plaintiff sent a copy of his grievance to the "Director's Level" on or around June 18 and that in the grievance he complained about the lack of a first level response to the grievance. While it is clear that submission of the grievance to the "Director's Level" was not proper under the grievance procedure rules, it does at least suggest that plaintiff is being truthful when he indicates he did attempt to file the grievance at the first level.

In light of the foregoing, the court finds that plaintiff has met his burden of demonstrating that the grievance process at High Desert was effectively not available to him. Therefore, he should be excused from the requirement that he had to exhaust administrative remedies with respect to the claims remaining in this action before he filed suit.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants Almero, Cummings, Goni and Wentz's August 19, 2013 motion to dismiss (ECF No. 37) be denied; and

2. Defendants Almero, Cummings, Goni and Wentz be ordered to file their answer within 14 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////
/////
/////
/////

4

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 19, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
garc2047.57